UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STANDEN, | No. 2:16-cv-1267-EFB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff moves for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF Nos. 34, 35, 38. He seeks fees in the amount of $15,719.82 for 72.29 hours spent litigating this action (including the instant motion for fees) and associated expenses (such as court filing fees). *Id.* The Commissioner opposes the motion, arguing that her opposition to plaintiff's litigation was substantially justified and thus fees should not be granted. ECF No. 36. Alternatively, if the court finds that fees are appropriate, the Commissioner argues that plaintiff is not entitled to expenses, that the fee amount should be reduced, and that the fee award should not be assigned to plaintiff's attorney. *Id.* For the reasons that follow, the court concludes that the Commissioner has not met his burden of showing that he was substantially justified in opposing plaintiff's claim that the ALJ erroneously failed to consider evidence from his treating physician. The court finds that the requested fees and

expenses are, for the most part, reasonable and thus the motion for fees is granted in part as explained below.

**I.      Background**

The Commissioner denied plaintiff's application for a period of disability and disability insurance benefits under the Social Security Act after an ALJ determined that plaintiff was not disabled under the Act because he retained "the residual functional capacity to perform light work" with some limitations. ECF No. 24 at 1-4. Plaintiff sought review in this court. ECF No. 1. Plaintiff challenged the agency's determination on three grounds: (1) that the ALJ failed to consider post-surgery opinions of plaintiff's treating physician, Dr. Reddy; (2) that the ALJ failed to address work restrictions assigned to plaintiff by another treating physician, Dr. Smith; and (3) that the ALJ failed to address plaintiff's evidence of medication side effects. ECF No. 18.

The parties filed cross-motions for summary judgment. *Id.*; ECF No. 23. On September 25, 2017, this court denied plaintiff's motion and granted the Commissioner's cross-motion. ECF No. 24. Plaintiff appealed, and, in a direct and unanimous decision, a panel of the United States Court of Appeals for the Ninth Circuit reversed this court's decision as to the first ground (regarding Dr. Reddy's opinions) and otherwise affirmed. ECF No. 30. The panel held:

> The ALJ erred in failing to consider Dr. Reddy's post-surgery records and evaluate the opinions contained therein. *See Marsh v. Colvin*, 792 F.3d 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence."). Where, if credited, a medical opinion that the ALJ failed to address could affect the disability determination, it is "appropriate to vacate the district court's opinion, remand with instructions to the district court to remand to the ALJ, and specifically to invite the ALJ to comment" on the overlooked records. *Marsh,* 792 F.3d at 1173.
>
> Because the ALJ expressly limited his consideration of Dr. Reddy's opinions to those provided prior to Standen's surgery, we reject the Commissioner's argument that the ALJ adequately considered Dr. Reddy's post-surgery records and provided legitimate reasons for discounting them. We likewise reject the Commissioner's argument that, by not challenging the ALJ's assessment of other medical opinion evidence, Standen has waived any challenge to the ALJ's failure to consider Dr. Reddy's opinions.
>
> We also reject the Commissioner's assertion that Dr. Reddy's post-surgery records support the ALJ's findings and any error was thus harmless. Dr. Reddy's post-surgery records include the opinion that Standen could return to work but with "[n]o lifting greater than 10-15 pounds." This opinion is inconsistent with the ALJ's RFC finding that Standen could perform "light work," including lifting

2

>up to twenty pounds. *See* 20 C.F.R. § 404.1567(b). Because Dr. Reddy's opinion is inconsistent with the ALJ's RFC finding, we cannot "confidently conclude" that the error was harmless. *Marsh*, 792 F.3d at 1173.

ECF No. 30 at 3-4. In accordance with the appellate court's order, this court vacated the judgment in the Commissioner's favor, entered judgment in plaintiff's favor, and remanded the case to the agency for further proceedings. ECF No. 31. Plaintiff now seeks attorney fees as the prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

## II. Substantial Justification

Under EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that plaintiff is a prevailing party under the statute. The Commissioner, however, argues that his opposition to plaintiff's case was substantially justified.

The government bears the burden of showing that its position was substantially justified. *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017). It satisfies that burden by showing that the position was "justified to a degree that would satisfy a reasonable person" as having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government must justify its position – on the issue for which remand was ordered – in both the agency and court proceedings.[1] *Gardner*, 856 F.3d at 656. Where the ALJ's decision has been reversed for procedural errors, "the question is *not* whether the government's position as to the merits of [the plaintiff]'s disability claim was substantially justified. Rather, the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (emphasis in original, internal citation marks omitted).

/////

---

[1] Accordingly, the court notes, the Commissioner's statement in his opposition brief that he was successful on two of the three issues raised by plaintiff in this action, and was thus substantially justified regarding those two issues, is irrelevant to whether fees may be awarded under EAJA.

3

1    Under the Ninth Circuit's "treating physician" rule, an ALJ reviewing a claim for
2 disability under the Act must provide specific and legitimate reasons supported by substantial
3 evidence in the record for rejecting the opinion of a treating physician. *Gardner*, 856 F.3d at 657.
4 Where an ALJ fails to meet that standard and the physician's opinion favors a finding of
5 disability, remand is "a foregone conclusion." *Id.* at 657-68.  In that situation, the government
6 has no basis to oppose remand to the agency, even if it has a legitimate basis for opposing the
7 merits of the underlying claim of disability and may ultimately succeed on that issue. *Id.* at 657.
8 Failure to provide "clear and convincing" reasons for rejecting the opinion of a treating physician
9 is a procedural error by the ALJ, and the government is not substantially justified in opposing
10 remand where the error has occurred. *Shafer*, 518 F.3d at 1071-72.

11   The Commissioner argues that his opposition here was substantially justified because: (1)
12 this court initially agreed with his position and granted his motion for summary judgment and (2)
13 the ALJ's decision shows that he did not ignore Dr. Reddy's post-surgery opinions.

14   The U.S. Supreme Court has stated that "the fact that one other court agreed or disagreed
15 with the Government does not establish whether its position was substantially justified.
16 Conceivably, the Government could take a position that is not substantially justified, yet win;
17 even more likely, it could take a position that is substantially justified, yet lose.  Nevertheless, a
18 string of losses can be indicative; and even more so a string of successes." *Pierce*, 487 U.S. at
19 569.  Accordingly, the Ninth Circuit has held that the fact that a district court initially found in the
20 government's favor is a factor that the court may consider in determining whether the
21 government's position was substantially justified. *Garnica v. Astrue*, 378 F. App'x 680, 681-82
22 (9th Cir. 2010).  A split panel opinion on appeal may also be considered. *Id.*  These factors are
23 "not necessarily conclusive." *Id.*

24   The fact that the government initially prevailed in this court weighs in favor of a finding
25 of substantial justification.  However, all other considerations weigh against such a finding.  First,
26 the appellate panel unanimously and decisively found against the government on the issue of Dr.
27 Reddy's post-surgical opinions.  Second, the Commissioner's argument that he was substantially
28 justified because the ALJ *did* consider Dr. Reddy's opinion is simply an attempt to relitigate an

4

issue that the Ninth Circuit has expressly decided against the Commissioner. ECF No. 30 at 3 ("The ALJ erred in failing to consider Dr. Reddy's post-surgery records and evaluate the opinions contained therein."). Third, as the Commissioner recognizes in his opposition brief, the ALJ's mistake here – failing to expressly provide clear and convincing reasons for rejecting Dr. Reddy's post-surgery opinions – was the type of procedural error for which remand was a "foregone conclusion" and the government lacks any justification for defending. ECF No. 36 at 6. Accordingly, the court finds that the Commissioner lacked a substantial justification for opposing remand in this action and an award of fees to plaintiff is appropriate.

### III.     Reasonableness of Fee Request

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434. "[A]n award of fees should be properly apportioned to pursuing the stages of the case in which the government lacked substantial justification." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

"A district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). But where a greater reduction is imposed, the district court "must provide a clear and concise explanation for why it chose the specific percentage to apply." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013).

Plaintiff's counsel has provided detailed billing records for the work performed in this court, the Court of Appeal, and in preparing the instant motion for fees. ECF Nos. 35, 38. He seeks $13,051.40 for work in the initial district court proceedings and the Ninth Circuit proceedings plus $1,647.41 in costs and expenses. ECF No. 35. He seeks $1021.27 for work

1  performed for the instant motion. ECF No. 38. The Commissioner asks the court to award no
2  money for costs and expenses and reduce the fee award to $10,000.

3  The Commissioner argues that costs and expenses are precluded because the Ninth
4  Circuit's mandate stated, "The parties shall bear their own costs." ECF No. 30 at 1. However, as
5  plaintiff notes in reply, this statement referred to taxation of costs under 28 U.S.C. § 1920. *See*
6  *also* Fed. R. App. P. 39. Plaintiff's motion for attorney fees under EAJA presents a separate issue
7  not addressed by the Court of Appeal. Accordingly, the court finds that plaintiff is entitled to his
8  costs and expenses.

9  The Commissioner asks this court to reduce the award of fees by over $3000 because
10 plaintiff used a good portion of his summary judgment brief in his brief to the Ninth Circuit.
11 Plaintiff's billing records reflect that counsel spent about 34 hours preparing the summary
12 judgment brief and about 26 hours preparing the Ninth Circuit brief. The court must balance
13 deference to counsel's judgment about how much time was necessary on a matter with the need to
14 disallow fees for redundant work. *See Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir.
15 2012) ("courts should generally defer to the winning lawyer's professional judgment as to how
16 much time he was required to spend on the case." (internal quotation marks omitted)). The court
17 agrees with the Commissioner that there is substantial duplication between the summary
18 judgment briefing and the Ninth Circuit briefing and that a reduction of 10 hours is appropriate
19 for the work performed on the appellate brief. That work was billed at $201.60 per hour and thus
20 the court will reduce the fee award by $2,016.00.

21 In addition, counsel's records include billing entries for purely clerical work. "[P]urely
22 clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of
23 who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). Accordingly, the
24 court declines to award fees for $58.26 worth of time spent preparing certification of service, the
25 consent form, and a notice of change of address, and in calendaring a deadline.

26 In conclusion, the court will award $13,645.82 in attorney fees to plaintiff. This sum
27 reflects time spent litigating the case ($13,051.40) minus redundant work ($2016) and clerical
28 /////

6

work ($58.26) plus costs and expenses ($1647.41) plus time spent litigating the instant motion ($1021.27).

**IV.     Assignment of Fees to Counsel**

The Commissioner requests that any fee award be made to plaintiff, not counsel. *Astrue v. Ratliff*, 560 U.S. 586 (2010) requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district regularly order payment directly to counsel where plaintiff does not have a debt that is subject to offset and has assigned his or her right to EAJA fees to counsel. *See, e.g., Allen v. Colvin*, 2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v. Colvin*, 2014 WL 5324302 at *3 (E.D. Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D. Cal. 2012); *Burnham v. Astrue*, 2011 WL 6000265 at *2 (E.D. Cal. 2011); and *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal. 2010).

Plaintiff has submitted with his motion a copy of an agreement assigning his right to EAJA fees to his attorney. ECF No. 35-1. Accordingly, the court will respect the agreement between plaintiff and his attorney, assuming that plaintiff has no debt that requires offset.

**V.      Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 35) is granted in part as provided in this order;
2. Plaintiff is awarded $13,645.82 for attorney fees under 28 U.S.C. § 2412(d); and
3. The Commissioner shall determine whether plaintiff's EAJA attorney fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: January 12, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE